CITED in *State, Vail's Ex'rs, pros., v. Runyon,* 12 *Vroom* 106.

---

THE STATE, JAMES PARKER, PROSECUTOR, v. THE MAYOR, ETC., OF THE CITY OF NEW BRUNSWICK.

1. An incorporated city has jurisdiction over a turnpike road constructed within the limits of the city, for the purpose of regulating, grading, and paving it; but has no right to regulate and grade the street so as to injure the turnpike company, or to interfere with their chartered rights: for police purposes, it has authority to make such municipal regulations as it may deem expedient. The common council has no right to require the turnpike company to grade or pave their road; but if the road be regulated, graded, and paved under a city ordinance, and the owners of adjoining lots assessed for the expenses of the same, it is no excuse for refusing to pay such assessment that the rights of the turnpike company are infringed.
2. The owners of adjacent lots have no vested right to require the turnpike company to bear the expenses of such grading, &c., nor to have the road continued at its original grade.
3. It is no objection to an ordinance for such grading, &c., that the fee of the soil of the road is in the turnpike company.
4. If an ordinance requires a street to be properly regulated and graded, &c., without any fixed grade being established, and afterwards provides that the work be done under the superintendence of the city paver, or other person appointed by the common council, and this is in accordance with the terms of the charter, it is sufficient.

---

On *certiorari.* In matter of assessment for grading and paving part of Easton avenue under an ordinance of the city council.

*Parker* and *Keasbey,* attorneys of plaintiff.

HAINES, J. The mayor, recorder, aldermen, and common

council of the city of New Brunswick, by an ordinance,. passed the seventh day of May, A. D. 1860, ordained that the owners and occupants of the several lots fronting or lying on Easton avenue, between Prospect street and Richardson street, in the city of New Brunswick, should cause that portion of said avenue, lying in front of their respective lots, to the centre thereof, to be properly regulated and graded, and the gutters thereof to be properly graded, paved, and curbed, and the sidewalks to be properly graded and paved, in the whole length thereof, with flag-stone or brick, not less than four and a half feet in breadth, in a good and substantial manner, under the direction of the city paver, or other person appointed by the common council. The prosecutor, being the owner in fee of certain lots of land fronting on that avenue, was assessed for a portion of the cost of executing the ordinance; and complaining of the assessment, he seeks to have it set aside on two several grounds—first, that no jurisdiction exists in the city council to order or execute the grading of this street; secondly, that the ordinance is void for uncertainty, or at least is too vague in its terms to form a ground for penalty on non-compliance.

1st. On the ground of want of jurisdiction, it is insisted that the street is a part of the road of the New Jersey Turnpike Company; that the land itself belongs to them; that it constitutes a part of the road, for traveling over which the company charges and receives toll; and that therefore the company has the right, and to them belongs the duty of regulating the road, and that the common council have no right to impose that duty on others, or to do it themselves. The act to incorporate the city of New Brunswick, passed February 20th, 1849, by its 10th section, provides that it shall be lawful for the common council of the said city to make and establish ordinances and regulations for the leveling, grading, regulating, paving, curbing, flagging,. or gravelling of the streets and sidewalks of the said city, and to require the work to be done by the owners or occupants. of lots fronting on or adjoining said streets, and to be super--

intended by the city paver, who, under the common council, shall prescribe the manner in which such work shall be done. The act to incorporate the New Jersey Turnpike Company, passed February 27th, 1806, authorizes the construction of a turnpike road, four rods wide, beginning in the city of New Brunswick, in Albany or French street, between the bridge and the fork of said street. This seems to contemplate that the road so constructed is to be within the city, and one of its streets. By the state of the case, it appears that the turnpike road so constructed is one of the public recognized streets of the city, and known as Easton avenue. Hence it is obvious that the common council have jurisdiction over the streets of their city, for regulating, grading, and paving, and over the part of the road in question, as one of those streets. They have no right to regulate or grade the street so as to injure the turnpike company, or to interfere with their chartered rights. But they have, for police purposes, the authority to make such municipal regulations as they deem expedient. They may have no power to require the turnpike company to grade their road or to pave it. But if, in their judgment, the health, comfort, convenience, or prosperity of the city requires it, they may order the street to be regulated, graded, and paved at the expense of the owners or occupants of the lots fronting on it; and it is no excuse for the owners to say, that the rights of the turnpike company are infringed. When that company complains, their rights will be ascertained and protected. The improvement is presumed to be for the benefit of the owners, and to increase the intrinsic value of their lots; and there is no injustice in requiring them to pay the expense of an improvement, which is to contribute to their enjoyment and to promote their interest. There is no vested right in the owners of the adjacent lots to require the turnpike company to bear that expense, nor to have the road continued at its original grade. They have the right, in common with other citizens, of requiring the turnpike company to keep their road in the condition required by their charter, under the

penalties provided for neglect. If the company may abandon
their road, as is suggested by the counsel of the prosecutor,
what, on such abandonment, would become of the supposed
vested right ?   It would surely vanish, and that without any
just cause of complaint.   The right to abandon the road, is
wholly repugnant to any right to the owners of the adjacent
lands to require its continuance.   I can see no reason for
objection to the ordinance in the fact, that the fee of the soil
of the road is in the turnpike company.   Should they aban-
don the road, the public authorities can order it to be laid
out and opened as a street or public highway, making due
compensation, the same as might be done if the company had
only the right of way, and the fee were in the owners of the
adjacent lots.   Nor can I see the force of the argument,
sought to be drawn from the act of March 19th, 1857, which
authorizes the turnpike companies of Springfield and Middle-
sex to cede and transfer to the city of Newark any part of
their respective turnpike roads lying within that city.   The
object of that act was chiefly, to enable those companies to
cede parts of their respective roads, and to relinquish the
repairing and control of such parts, without affecting their
right to the use and enjoyment of the other parts as before
used and enjoyed.

    2d. The other reason for setting aside the assessment is,
that the ordinance is uncertain and vague in its terms.   The
ground of the objection is, that no fixed grade had been
established, but that the ordinance required the street to be
properly regulated and graded, and the gutters to be properly
graded, paved, and curbed, and the sidewalks to be properly
graded and paved with flagging or bricks, &c.   This objec-
tion would have been well taken, had the ordinance made no
other provision for the regulation of the work.   But it does
provide for it, and declares that it is to be done under the
superintendence of the city paver, or other person appointed
by the common council; and this is in accordance with the
terms of the charter of the city, which authorizes the com-
mon council to require the work to be done by the owners

or occupants of the lots, and to be superintended by the city paver, who under the common council, shall prescribe the manner in which the work shall be done. There is no reason why the common council may not regulate the grade, and prescribe the manner in which the work should be done, as well through a competent city paver as by a committee of their own body, or a street commissioner. Whether they could or could not, it is sufficient for the purpose that the charter authorizes them so to act. It may be that the grade would not be uniform, or such as would be the best. But the abuse of a power is no argument against its proper exercise. The ordinance required the work to be properly done, under the direction of the officer named in the charter. It does not appear that any offer on the part of the prosecutor was made to do the work, or that he failed to do it for the want of information of what was the proper grade, or the proper mode of paving and grading. There appears to be no reason for setting aside the assessment, and it must therefore be affirmed with costs.

Assessment affirmed.

ELMER, J., concurred.

CITED in *State, Sigler, pros.*, v. *Fuller, Collector*, 5 *Vroom* 233, 235.